**Dorothy E. CROOKS, Appellant,**

v.

**EMPLOYMENT APPEAL BOARD, Appellee.**

**No. 89–1236.**

Court of Appeals of Iowa.

June 26, 1990.

---

Roger L. Sutton, Charles City, for appellant.

William C. Whitten, Des Moines, for appellee.

Heard by DONIELSON, P.J., and SCHLEGEL and HABHAB, JJ.

DONIELSON, Presiding Judge.

Dorothy Crooks (petitioner) worked as a cook for Trains Unlimited, Inc., from February 10, 1986, to March 7, 1988. She performed her job aboard the Star Clipper Dinner Train, which traveled from Osage, Iowa, to Lyle, Waverly, and Waterloo, Iowa, and Glenville, Minnesota. Petitioner boarded the train in Osage, and she was laid off when Trains Unlimited moved its base of operation from Osage to Waverly. Trains Unlimited continues to operate the train on a route between Waverly and Waterloo.

Petitioner applied for business closing benefits pursuant to Iowa Code section 96.-3(5). In relevant part, that statute provides:

However, the commissioner shall recompute wage credits for an individual who is laid off due to the individual's employer going out of business at the factory, establishment, or other premises at which the individual was last employed, by crediting the individual's account with one-half, instead of one-third, of the wages for insured work paid to the individual during the individual's base period.

The agency denied her benefits. According to the agency, petitioner's employer had not gone out of business because it was a mobile business and it was still operating. The agency equated "premises" with all of the employer's tracks, and, as long as it was still operating on some of its tracks, it concluded section 96.3(5) did not apply. The district court upheld the agency's denial of benefits.

On appeal, petitioner contends the district court erred by finding substantial evidence to support the agency's decision. She claims the record shows her employer went out of business at the premises in Osage where she was last employed, and she disagrees with the agency's interpretation of Iowa Code section 96.3(5).

In this judicial review of an administrative action, we are limited by Iowa Code section 17A.19(8). Our review is not de novo, but at law. *Roberts v. Iowa Dept. of Job Service*, 356 N.W.2d 218, 221 (Iowa 1984). We are bound by the agency's finding of facts if supported by substantial evidence. *Id.* We are not bound, however, by the agency's legal conclusions and may correct misapplications of the law. *Id.*[1]

At issue is the little-construed "business closing" provision of the Iowa Employment

1. In our review of this matter, we consider only the evidence presented before the hearing officer. We decline to consider in our decision the letters petitioner included in her application for rehearing.

Security Law. It was undisputed that petitioner was laid off from her employment and is entitled to unemployment benefits. At issue is whether she will receive the enhanced level of benefits awarded when an employee's employer goes out of business. Iowa Code § 96.3(5) (1987). The Iowa Administrative Code provides a little guidance in interpreting this statute:

> Going out of business means any factory, establishment, or other premises of an employer which closes its door and ceases to function as a business; however, an employer is not considered to have gone out of business at the factory, establishment, or other premises in any case in which the employer sells or otherwise transfers the business to another employer, and the successor employer continues to operate the business.

345 Iowa Admin.Code 4.29(2).

■ It is the declared public policy of this state that the perils of involuntary unemployment are a "serious menace to the health, morals, and welfare of the people of this state." Iowa Code § 96.2 (1987). The Iowa Employment Security Law is to be interpreted liberally to achieve the legislative goal of minimizing the burden of involuntary unemployment. *Community Lutheran School v. Iowa Dept. of Job Service*, 326 N.W.2d 286, 289 (Iowa 1982).

■ After careful consideration of the statutory language and the policies underlying the Iowa Employment Security Law, it is this court's conclusion that the decisions of the agency and district court were affected by an error of law. Iowa Code § 17.19(8)(e) (1987).

Section 96.3(5) refers to an individual's employer going out of business at the factory, establishment, "or other premises *at which the individual was last employed....*" (emphasis added). Whatever its reasons for deciding to do so, Trains Unlimited chose to terminate its departures from Osage and moved its office of operations to Waverly, which according to petitioner was approximately fifty miles away.

This case is unique in that the employer's business consists of serving meals on a moving train. Trains Unlimited is by nature a mobile business, but we reject the agency and district court's conclusion that its "premises" consisted of its tracks and as long as it was doing business anywhere along its tracks, it was still operating on the "premises" and thus there was no cessation of business. Such reasoning suggests that any business involving transportation would never fall within the "business closing" rule, even if it completely suspended some of its operations, as long as it continued to operate at some other location. This approach defeats the purpose of section 96.3(5).

When the employer chose to cease its departures from and move its operations out of Osage, it ceased to function as a business at those premises.[2] The purpose of the statute was to provide enhanced unemployment benefits to employees who are laid off and have no hope of returning to their jobs because their employers have closed their businesses. While Trains Unlimited may continue to do business elsewhere, it closed its doors in Osage where petitioner was last employed, and she is entitled to benefits under section 96.3(5).

REVERSED.

---

2. It is irrelevant that the employer continued to operate the Cedar Valley Supper Club in Osage, as there was no evidence that petitioner ever worked there or was offered the opportunity to work there.